IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMERE WILMER-WILLIAMSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-1327-RGA |
| CENTURION MANAGED CARE, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington this 31st day of July, 2023, having considered Defendants' motion to dismiss (D.I. 23), Plaintiff's motion to amend (D.I. 32), and Plaintiff's request for appointed counsel (D.I. 29);

**Motion to Dismiss and Motion to Amend.** Plaintiff Lamere Wilmer-Williamson proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). On October 5, 2022, I screened the Complaint, identified what appeared to be cognizable and non-frivolous claims within the meaning of 28 U.S.C. § 1915A(b), and entered a service order. (D.I. 16).

The legal standard used when screening cases for failure to state a claim pursuant to § 1915A(b)(1) is identical to the Rule 12(b)(6) dismissal standard. *See Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (citing *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013), and *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Nothing has changed since the Complaint was screened. In addition, I must liberally construe the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In

1

doing so, I conclude that the allegations contained in the Complaint are sufficient to withstand the instant motion to dismiss and, therefore, deny the motion.

Notably, Defendants' motion to dismiss interpreted the Complaint as attributing some quotations and actions to outside medical specialists, whereas my reading of the Complaint attributed those same quotations and actions to named Defendants. Plaintiff's motion to amend merely sought to clarify Defendants' apparent misinterpretation.  Accordingly, the motion to amend will be denied and the Complaint will remain the operative pleading.

**Request for Counsel.**  Plaintiff requests counsel on the grounds that he is unable to afford counsel, he has been unsuccessful in attempts to obtain counsel, he is ill, he has no ability to obtain and conduct discovery, he has an expert witness who will support his case, his imprisonment greatly limits his ability to litigate the case, and the issues involved are complex.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.  See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.  *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, courts should consider a number of factors when assessing a request for counsel.  Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or

2

her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony.  See *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative.  *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel at this time.  Based on my review of the Complaint, I conclude that the case is not complex, and that Plaintiff appears to have the ability to present his claims.  In addition, this case is still in its early stages.

Now therefore, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (D.I. 23) is **DENIED**.
2. Plaintiff's motion to amend (D.I. 32) is **DENIED**.
3. Plaintiff's request for appointed counsel (D.I. 29) is **DENIED** without prejudice to renew.

    /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE