IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMERE WILMER-WILLIAMSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 21-1327 (JLH) ) |
| CENTURION MANAGED CARE, *et al.*, | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Lamere Wilmer-Williamson, Smyrna, Delaware – *Pro Se* Plaintiff

Scott G Wilcox, GIORDANO, DELCOLLO, WERB & GAGNE, LLC, Wilmington, Delaware – Counsel for Defendants Centurion Managed Care, Anthony Jacobs, William Ngwe, and Matthew Wofford

January 29, 2025
Wilmington, Delaware

**HALL, U.S. District Judge:**

## I. INTRODUCTION

On September 20, 2021, *pro se* Plaintiff Lamere Wilmer-Williamson, an inmate at James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware, filed a Complaint against Defendants Centurion Managed Care, Anthony Jacobs, William Ngwe, and Matthew Wofford. (D.I. 2.) The Complaint is the operative pleading. It alleges that Plaintiff has sickle cell anemia and that Defendants' "denials and unnecessary delays" in providing care violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (*Id.*)

Now before the Court is Defendants' motion for summary judgment (D.I. 43), to which Plaintiff responded in opposition (D.I. 51; *see also* D.I. 55 (Defendants' reply); D.I. 57, 58 (Plaintiff's sur-replies)). Also pending before the Court are Plaintiff's motions requesting discovery (D.I. 60) and appointment of counsel (D.I. 61). The Court addresses all pending motions below.

## II. BACKGROUND

Defendants do not dispute that Plaintiff has hereditary sickle cell anemia. (D.I. 44 at 1.) Plaintiff alleges, and Defendants do not dispute for purposes of the pending summary judgment motion, that Plaintiff experienced serious medical issues, including jaundice and pain, while he was incarcerated. (*Id.*)

Defendants submitted Plaintiff's medical records to the Court, which appear to confirm that, during the time period alleged in the Complaint, Plaintiff placed sick calls and grievances, and that Plaintiff had both on and off-site medical appointments, including consultations with a specialist. (D.I. 45.) The evidence of record does not reflect that Plaintiff was denied any

1

medication due to cost or that any prescribed medication regimen was ignored. (*Id.*) Plaintiff has provided no evidence to suggest that the treatment he received fell below the standard of care.

## III. LEGAL STANDARDS

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

Where the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita*, 475 U.S. at 586–87; *Williams v. West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact

2

is genuinely disputed must support such an assertion by "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). The non-moving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams*, 891 F.2d at 460–61.

The court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). "[T]he facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true . . . ." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). If "there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment." *Id.* at 1081 (internal quotation marks omitted). Conversely,

> Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (citations, quotations, and alterations omitted).

3

## IV.  DISCUSSION

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976).  To establish an Eighth Amendment violation, the inmate must demonstrate (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.  *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A prisoner has no right to choose a specific form of medical treatment.  *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. Apr. 10, 2010) (citing *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)).  "Mere disagreement as to the proper medical treatment is insufficient" to state a constitutional violation.  *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).  Treatment is presumed to be proper, absent evidence that there was a violation in the standard of care.  *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017).

Even when viewed in the light most favorable to Plaintiff, the Court cannot reasonably infer from the evidence of record that Defendants were deliberately indifferent to Plaintiff's medical needs.  Plaintiff's Complaint suggests that he disagrees with the medications prescribed to him, but there is no evidence of any violation of the standard of care.  On the contrary, the uncontroverted evidence of record demonstrates that Plaintiff's medications were reviewed and approved by offsite providers.  (*See* D.I. 45.)  The Court finds no genuine issue for trial based on the evidence presented; accordingly, summary judgment in favor of Defendants is appropriate.

On July 30, 2024, Plaintiff filed a motion for discovery. (D.I. 60.) The Court's Scheduling Order (D.I. 36) set a December 18, 2023 deadline for discovery; accordingly, Plaintiff's motion for discovery will be denied.

On November 6, 2024, months after the briefing closed on Defendants' motion for summary judgment, Plaintiff filed a motion requesting the appointment of counsel. (D.I. 61.) Having determined that summary judgment for Defendants is appropriate, Plaintiff's motion for the appointment of counsel is denied.[1]

## V. CONCLUSION

For the above reasons, the Court will grant Defendants' motion for summary judgment (D.I. 43), deny Plaintiff's request for discovery (D.I. 60), and deny Plaintiff's request for appointment of counsel (D.I. 61). The Clerk of Court will be directed to enter judgment in favor of Defendants and against Plaintiff and to mark this case closed.

An appropriate Order will be entered.

---

[1] A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir.1997). Having considered the relevant factors, *see Tabron v. Grace*, 6 F.3d 147, 156–57 (3d Cir. 1993), and it appearing from the uncontroverted evidence of record that Plaintiff received medical care for his condition, the Court exercises its discretion not to appoint counsel.